UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| JUNELL NICOLE MCQUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:17-CV-236 |
| | ) | |
| V. | ) | |
| | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*

Junell Nicole McQueen brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for disability insurance benefits (DIB). The Court, having reviewed the record, will **AFFIRM** the Commissioner's decision as it is supported by substantial evidence.

**I.**

Judicial review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a de novo review,

resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *Id.*; *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II.

In 2014, Plaintiff filed an application for disability insurance benefits (DIB), alleging disability beginning September 2009 (Tr. 282-83). However, because a prior application was denied by an administrative law judge (ALJ) on September 12, 2012 (Tr. 152-64), which Plaintiff appealed to the district court and lost

2

(Tr. 174), her claims for benefits prior to September 12, 2012 are barred by res judicata (Tr. 19). Thus, the Court will not consider the significant portions of Plaintiff's brief devoted to the time period prior to September 12, 2012. Her current application was denied initially and on reconsideration (Tr. 175, 190). Plaintiff then exhausted her administrative remedies before the Commissioner (Tr. 40-82 (hearing), 19-32 (ALJ decision), 1-4 (Appeals Council's denial of review of ALJ decision)).

Plaintiff was 30 years old on September 12, 2012 (the earliest date she could be found disabled) and 31 years old on December 31, 2013, her date last insured (and the date by which she must establish disability for purposes of DIB) (Tr. 22, 282). *See* Social Security Ruling (SSR) 83-20, 1983 WL 31249, at *1 (in order to receive DIB benefits a claimant must show that she had insured status during the same time period in which the evidence establishes disability). She completed high school and two years of college (Tr. 300) and worked in the past as a petty officer in the United States Navy, a care provider, a legal assistant, a youthworker, and a transaction processor (Tr. 301). She quit working in September 2009 (Tr. 299).

Plaintiff claims disability due to back problems, anxiety, arthritis, hand problems, right leg pain, a fast heart rate (tachycardia), restless leg syndrome, chronic fatigue syndrome, and knee pain (Tr. 299).

The record shows very little diagnosis or treatment during the relevant time period. Plaintiff sought treatment in March 2013 and September 2013 for shortness of breath and was diagnosed with bronchitis (Tr. 531-35, 583-607, 1116-28). She sought treatment from the Department of Veteran's Affairs (VA) in September 2013 for chest pain and pressure (Tr. 715-20) and for throat and abdominal pain (Tr. 704-10, 712-13, 730-32). She also sought mental health treatment from the VA in mid- to late-2013 and was diagnosed with anxiety (Tr. 637-49, 702-03, 710-12, 720-22).

In May 2014, state agency psychologist Dan Vandivier, Ph.D., reviewed Plaintiff's medical records and found that she had some moderate mental work-related limitations but agreed with the September 2012 ALJ's decision that Plaintiff retained the ability to understand, remember, and carry out simple and some detailed instructions in an object-focused environment (Tr. 185-87, *see* Tr. 158). Another state agency psychologist, Laura Cutler, Ph.D., later agreed (Tr. 202-04). Also in May 2014, Donna Sadler, M.D., reviewed Plaintiff's medical records and agreed with the September 2012 ALJ's decision that Plaintiff could perform a range of light work with no climbing ladders, ropes, or scaffolds; no more than frequent kneeling, stooping, crouching, crawling, balancing, climbing ramps and stairs, handling, and fingering; no concentrated exposure to temperature extremes and vibration; and

a sit/stand option (Tr. 185, see Tr. 158). Another state agency physician, Jack Reed, M.D., agreed (Tr. 202).

Pertinent to Plaintiff's arguments on appeal, the VA assigned Plaintiff a 50% VA disability rating in early 2011 (Tr. 1339-43) and a 70% VA disability rating at some point later (Tr. 364 (notice dated January 8, 2016)). In June 2015—two and a half years after the date by which Plaintiff had to establish disability—a VA nurse wrote that Plaintiff's anxiety, post-traumatic stress disorder (PTSD), chronic fatigue syndrome, headaches, degenerative disc disease, asthma, hypothyroidism, gastric ulcer, restless leg syndrome, and palpitations limited her ability to perform activities of daily living and maintain employment (Tr. 867).

After review of the record, the ALJ determined that, during the relevant time period from September 2012 through December 2013, Plaintiff had degenerative disc disease of the lumbar spine with mid disc protrusion, history of bilateral patellofemoral syndrome with tendonitis (knee pain), a history of hypoplastic thumb post-surgery, anxiety, and pain disorder (Tr. 22). The ALJ found that, despite these impairments, Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; could stand and walk six hours out of an eight-hour workday and sit six hours; could frequently kneel, stoop, crouch, crawl, balance, climb ramps and stairs, and handle and finger; could never climb ladders, ropes, or scaffolds; should avoid concentrated exposure to temperature

extremes and vibration; required a sit/stand option every hour; and was limited to performing simple and some detailed instructions in an object-focused environment (Tr. 25). The ALJ went on to find based on vocational expert testimony (see Tr. 73-76) that Plaintiff could perform her past work as a mailroom clerk as it was generally performed as well as three other representative jobs existing in significant numbers in the national economy (Tr. 31). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act (Act) (Tr. 31-32).

## III.

**(1) VA Disability Determination**

Plaintiff argues that she was more limited than the ALJ found because of her 70% VA disability rating.

VA disability ratings are based on VA criteria for disability, *Deloge v. Comm'r of Soc. Sec. Admin.*, 540 F. App'x 517, 519 (6th Cir. 2013) (unpublished) ("The VA relies on independent and distinct criteria to assess disability, however, and its determination would not have controlled whether Deloge was eligible for Social Security disability benefits."), whereas the Act's criteria for disability do not contemplate degrees of disability or allow for an award of benefits based on partial disability. *See Clark v. Sullivan*, 891 F.2d 175, 177 (7th Cir. 1989).

Here, the ALJ considered Plaintiff's 70% disability rating (see Tr. 364), but found that it was not persuasive evidence that Plaintiff was disabled under the Act's standards or even inconsistent with a finding that she was not disabled under the Act (Tr. 28-29). The ALJ noted that the determination process utilized by the VA and the Commissioner were "fundamentally different" and that the VA determination did not include a "function-by-function assessment of an individual's capabilities" as the ALJ was required to make in the form of a residual functional capacity assessment (Tr. 29). Additionally, the ALJ noted that the VA rating was not binding on the Commissioner's determination (Tr. 29). *See* 20 C.F.R. § 404.1504. As the ALJ discussed throughout the residual functional capacity assessment, the medical records and examination findings failed to support Plaintiff's claims regarding the severity of her impairments (Tr. 25-29). For these reasons, the ALJ found that the 70% VA rating was "not probative" and did not shed light on Plaintiff's work-related functioning (Tr. 29). It was reasonable for the ALJ to consider, but not rely on, the VA disability rating as evidence of Plaintiff's disability under the Act's standards. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013)(unpublished) ("We have held that a disability rating from the [VA] is entitled to consideration, but we have not specified the weight such a determination should carry when determining

social security disability eligibility."); *see also Fisher v. Shalala*, 41 F.3d 1261, 1262 (8th Cir. 1994)("There is no support for Fisher's contention that his sixty-percent service-connected disability rating equates with an inability to engage in any substantial gainful activity under social security standards."). Plaintiff conceded in her brief that the VA's determination is "persuasive, but not binding on the Social Security Administration." (Pl.'s Br. 23). For the reasons stated herein, the ALJ did not find it determinative of the Plaintiff's work-related functionality for social security disability purposes.

**(2) Medical Opinions**

Plaintiff further claims that "the overwhelming weight of treating and examining physician opinions prove" her disability, but she does not cite to any such opinions. (Pl.'s Br. 24-26). Plaintiff cites applicable case law, but does not cite any facts in her specific case to which the cited law would apply. Indeed, the only acceptable medical source opinions of record are authored by state agency doctors and are in line with the ALJ's residual functional capacity assessment (compare Tr. 25 with Tr. 185-87, 202-04 (citing Tr. 158)). *See* 20 C.F.R. § 404.1527(d)(2)(i)(state agency medical consultants "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation"). The only other medical source opinion is from a nurse practitioner (a non-acceptable

8

medical source) and is from two and a half years after the date by which Plaintiff had to establish disability (see Tr. 867). Plaintiff does not mention this opinion in her argument and has thus waived any arguments pertaining to it. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal."). Even so, the ALJ recognized the nurse practitioner's opinion and afforded it some weight, but properly found it did not outweigh the medical opinions of the state agency physicians. (Tr. 27). As Plaintiff has presented no real evidence to this argument, the Court finds the ALJ did not err in his assessment or weighing of the medical opinions in the record.

### (3) Work History and Vocational Expert Testimony

Plaintiff next claims that the lay witness testimony—in the form of her earnings records—proves she is "totally disabled" and bolsters the believability of her claims that she is disabled (Pl.'s Br. 26-27). While it is true that ALJs should consider a claimant's prior work record, see 20 C.F.R. § 404.1529(c)(3), the ALJ did so here (Tr. 26). But the ALJ also reasonably found that the record did not support Plaintiff's claims of disabling limitations because evidence from the relevant time period showed that (1) she was short of breath from fumes from painting a cabin for two days (Tr. 26, see Tr. 596); (2) she was helping care for her terminally ill aunt (Tr. 26, see Tr. 645); and (3) she was

9

enjoying getting out and hunting (Tr. 26, see Tr. 702). The ALJ reasonably found this evidence inconsistent with Plaintiff's claims of disabling limitations. 20 C.F.R. § 404.1529(c)(3)(i) (stating an ALJ must consider a claimant's activities); *Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001) ("Buxton's own accounts of her activities and limitations were also conflicting. For instance, she shops for herself, does light cleaning, cooks for herself, drives herself places (including numerous doctors' visits), and exercises daily (thirty minutes of walking without post-exertional collapse), but cannot work."). And as noted, the ALJ found that the medical showed largely normal examinations during the relevant time period and undermined Plaintiff's claims regarding the severity of her impairments (Tr. 27-28). *See* 20 C.F.R. § 404.1529(c)(4) (stating an ALJ must consider whether there are conflicts between a claimant's statements and the signs and laboratory findings); *Gronda v. Sec'y of Health & Human Servs.*, 856 F.2d 36, 39 (6th Cir. 1988) (Commissioner properly compared a claimant's "subjective allegations of pain" with "his underlying condition"). These findings were reasonable, sufficient, and supported by the record, notwithstanding Plaintiff's work history. Finally, Plaintiff argues that the "[v]ocational [e]xpert's testimony proves that [she] is totally disabled" (Pl.'s Br. 29) but, again, does not argue how or why or even reference or cite the vocational expert's testimony. The ALJ posed a hypothetical

10

question to the vocational expert setting forth Plaintiff's limitations, and the vocational expert testified that such an individual could perform Plaintiff's past work as a mailroom clerk as it was generally performed as well as three other jobs existing in significant numbers in the national economy (Tr. 75-76). The ALJ reasonably relied on this testimony in finding Plaintiff not disabled (Tr. 29-31).  Nothing more was required. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").  To the extent the Plaintiff argues that the vocational expert testified that there were no jobs in the economy which Plaintiff could do based on Plaintiff's counsel's hypothetical, the ALJ addressed that point, finding the "medical records do not support those hypotheticals" offered by Plaintiff's counsel, and, therefore, gave the responses to those hypotheticals "little weight."  (Tr. 31)

   **(4)  Plaintiff's Reports of Pain**

   Finally, Plaintiff argues that the ALJ erred in failing to apply the Sixth Circuit's pain standard (Pl.'s Br. 27-29). But again, she cites only to case law and not any evidence to support her claims that her pain was actually disabling.  The ALJ considered Plaintiff's claims regarding the severity of her pain,

11

the limited treatment notes of record stemming from the relevant time period, and the medical source opinions of record and reasonably found Plaintiff's claims to be unsupported, and instead found that she could perform a reduced range of light work (Tr. 25-28). The ALJ noted Plaintiff's reports of pain and limitations were inconsistent with evidence in the record that Plaintiff was able to go hunting and stain a cabin for two straight days. (Tr. 26). "So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive [judicial] review." *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012)

## IV.

The Court having found no legal error on the part of the ALJ and that his decision is supported by substantial evidence, the Acting Commissioner's final decision is **AFFIRMED**.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (DE 12) be, and the same hereby is, **DENIED** and the Commissioner's motion for summary judgment be, and the same hereby is, **GRANTED**.

A separate judgment in conformity herewith shall this date be entered.

This the 12th day of July, 2018.


Signed By:
*Joseph M. Hood*
Senior U.S. District Judge